# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 22-03105-03-CR-S-MDH |
| WALTER LEE HOORNSTRA, | ) ) ) | |
| Defendant. | ) | |

## **PROTECTIVE ORDER**

Before the Court is the Government's Motion for a Protective Order concerning the disclosure of discovery material to Defendant. (Doc. 15.) This matter has been referred to the undersigned. Defendant did not file any response, and as such, the undersigned considers the Motion to be unopposed. In light of the confidential and law-enforcement-sensitive information that may be disclosed to Defendant pursuant to the Government's discovery obligations, the Motion for a Protective Order is **GRANTED**. It is therefore **ORDERED** that:

1. Any and all discovery material the Government produces to Defendant shall be reviewed by only (i) Defendant; (ii) Defendant's attorney or attorneys of record in this case; (iii) employees or agents of those attorneys; (iv) a photocopying or data processing service to whom it is necessary that Defendant provide the materials for the purposes of preparation, trial, any direct appeal; and any collateral attack of this case; (v) witnesses or potential witnesses; (vi) experts or investigators assisting in the preparation, trial, any direct appeal, and any collateral attack of this case; and (vii) this Court and employees of this Court. No discovery material or copies of any discovery material shall be provided to any individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court. Nor shall the contents of any discovery

material be disclosed, in any other manner, to any individual or entity except as provided in this Order, as has been agreed by the parties, or as further ordered by the Court.

2. Defendant shall use discovery material and its contents solely for the preparation, trial, any direct appeal, and any collateral attack of this case and for no other purpose whatsoever. No additional copies of any discovery material shall be made except as necessary for those purposes. Before first disclosing discovery material or its contents to any of the individuals or entities listed above, Defendant or his attorneys of record must give to the individual or entity a copy of this Order, who must agree to be bound by the terms and conditions of this protective order, and must maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter, if any, are concluded.

3. The parties shall comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing or use of any discovery material containing personally identifiable or sensitive information, including: (1) Social Security numbers, (2) names of minor children, (3) dates of birth, and (4) financial account numbers. *See* Fed. R. Crim. P. 49.1. The parties shall also apply the requirements of Rule 49.1 when showing any discovery material containing personally identifiable or sensitive information to any third-party.

4. Should Defendant, his attorneys of record, or any of the other individuals or entities listed above find any material inadvertently produced by the Government that is marked as classified, they shall immediately double seal the material and all copies of the material, inform the Government of such inadvertent disclosure, and make arrangements for the secure return of such material to the Government.

5. Should a dispute arise between the parties regarding the terms of this Order, such matters should be addressed and resolved in accordance with Local Rule 37.1.

6. At the request of the Government, Defendant shall return all copies of material that was inadvertently produced in discovery.

7. Within 60 days following the conclusion of these proceedings, or any direct appeal from or any collateral attack upon these proceedings, the discovery material disclosed by the Government and any duplicates made for the preparation, trial, any direct appeal, or any collateral attack of this case shall be returned to the Government or destroyed by Defendant, unless the Court or the Government gives specific written permission for an exception to this requirement. The Court's jurisdiction to enforce this Order terminates upon final disposition of the case. The parties understand they may need to seek leave to reopen the case if a need to enforce this order arises after the case concludes.

8. This Order also applies to any and all individuals to whom Defendant, pursuant to this Order, shows or discloses the contents or substance of any material produced to them by the Government. By signing and dating a copy of this Order, any person or entity that receives copies of any material produced, or to whom the contents of such material is otherwise disclosed, submits himself, herself, or itself to the jurisdiction of this Court for all purposes, including sanctions or contempt for violation of this Order.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: September 12, 2022